[Cite as *Moore v. Dept. of Transp.*, 2010-Ohio-5827.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHERRY MOORE

     Plaintiff

     v.

DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-01433-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Sherry Moore, filed this action against defendant, Department of Transportation (ODOT), contending her 2006 Nissan Altima was damaged as a proximate cause of negligence on the part of ODOT in maintaining hazardous roadway conditions on Interstate 271 South in Cuyahoga County. Specifically, plaintiff related a tire and rim on her car were damaged when the vehicle "struck multiple potholes in the right hand lane" of southbound Interstate 271. Plaintiff recalled the described property damage event occurred on Sunday, January 10, 2010 at approximately 3:00 p.m. Plaintiff filed this complaint seeking to recover damages in the amount of $339.29, the total cost of replacement parts and related repair expenses she incurred. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of any roadway defects on Interstate 271 prior to plaintiff's January 10, 2010 incident. Defendant related that ODOT's "investigation indicates that the location of Plaintiff Moore's incident would be between county

Case No. 2006-03532-AD         - 2 -         MEMORANDUM DECISION

Case No. 2006-03532-AD         - 2 -         MEMORANDUM DECISION

mileposts 7.19 to 5.63 or state mileposts 29.00 and 27.40 in Cuyahoga County." Defendant advised "ODOT had one complaint of the pothole on I-271 prior to plaintiff's incident and it was fixed on the same day in November 2009 (November 13, 2009)." Defendant located that pothole, which was temporarily patched on November 13, 2009 and permanently repaired the following week, "on I-271 southbound ramp to I-480 westbound." Defendant asserted plaintiff did not offer any evidence to establish the length of time any potholes existed in the vicinity between mileposts 29.00 and 27.40 on Interstate 271 prior to 3:00 p.m. on January 10, 2010. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident.

{¶ 3} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to January 10, 2010. The claim file is devoid of any inspection record. Defendant argued that plaintiff has failed to offer any

evidence to prove his property damage was attributable to any conduct on the part of ODOT personnel. Defendant asserted that "I-271 was in good condition at the time and in the general vicinity of plaintiff's incident." Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that two (2) pothole patching operations were conducted in the general vicinity and only one of these was in the southbound direction." Earlier patching operations were performed on September 1, 2009 and December 24, 2009. The submitted "Maintenance History" does not reference any pothole patching operations in November 2009. The submitted "Maintenance History" does not reflect any maintenance activity of any type was conducted by ODOT crews between the period from January 1, 2010 through January 10, 2010.

{¶ 4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the potholes on Interstate 271 prior to the afternoon of January 10, 2010.

{¶ 7} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defects. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio

Misc. 2d 262, 577 N.E. 2d 458.

**{¶ 8}** In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defects are insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown ODOT had constructive notice of the potholes.

**{¶ 9}** Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy*

Case No. 2006-03532-AD          - 6 -          MEMORANDUM DECISION

*v. Ohio Department of Transportation* (1999), 99-07011-AD.   Therefore, defendant is not liable for any damage plaintiff may have suffered from the potholes.

{¶ 10} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions.  Plaintiff failed to prove that her property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant.  *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHERRY MOORE

     Plaintiff

     v.

DEPARTMENT OF TRANSPORTATION

     Defendant
Case No. 2010-01433-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

                                    _____
                                    DANIEL R. BORCHERT
                                    Deputy Clerk

Entry cc:

Sherry Moore                    Jolene M. Molitoris, Director

Case No. 2006-03532-AD      - 8 -      MEMORANDUM DECISION

Case No. 2006-03532-AD      - 8 -      MEMORANDUM DECISION

5987 Haydens Crossing Blvd.         Department of Transportation
Dublin, Ohio  43016               1980 West Broad Street
                                      Columbus, Ohio  43223

RDK/laa
7/15
Filed 8/9/10
Sent to S.C. reporter 11/23/10